UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. HANSEL M DeBARTOLO ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 C 7179 |
| vi. ) | |
| SUBURBAN TEAMSTERS OF NORTHERN ) | JUDGE ZAGEL |
| ILLINOIS WELFARE FUND ) | MAGISTRATE JUDGE KEYS |
| ) | |
| Mutual Group. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Plaintiff, DR. HANSEL M. DEBARTOLO, by and through his attorney, The Law Offices of Stuart P. Krauskopf, P.C., submits this memorandum of law in support of its response to Defendant's motion to dismiss Plaintiff's Complaint.

In order to have a claim dismissed under Rule 12(b)(6), the moving party must meet a high standard. *Central DuPage Hospital v. Industrial Concrete Construction Corporation Erisa Plan and John Alden Life Insurance Company*, 1991 U.S. Dist. LEXIS 12521, 4 (North. Dist, East. Div. 1991). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. Id. The complaint's allegations must be viewed in the light most favorable to the plaintiff and the plaintiff is entitled to all reasonable inferences that can be drawn therefrom. Id.

As Defendant has pointed out in its Motion, the issue before the Court is whether the assignment from the Plan beneficiary to Plaintiff is a valid assignment which would give Plaintiff standing to pursue his demands as set forth in the Complaint. The assignment at issue reads as follows:

3

> "I assign my medical benefits and rights from Teamsters Local No. 142 to Dr. H.M. DeBartolo Jr., for services rendered."

Plaintiff's right to payment in the Complaint is predicated on such assignment.

Section 1132(a)(1)(B) states that "a civil action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the plan, or to clarify his rights to future benefits under the terms of the plan. Whether Plaintiff is a "beneficiary" or a "participant" depends on the validity of Plaintiff's assignment. The validity of an assignment is a question of contract law.

> "An assignment is the transfer of some identifiable property, claim or right from the assignor to the assignee. The parties must intend to effectuate an assignment at the time of the transfer although no particular language or procedure is necessary. If a valid assignment is effected, the assignee acquires all of the interest of the assignor in the property that is transferred. The assignee, it has often been said, is placed 'in the shoes' of the assignor." <u>Chicago in Trust for the Use Of Schools v. Fischer</u>, 52 Ill. App. 2d 55, 61 (1st Dist. 1964).

The question to be answered is what the intent of the parties was at the time the assignment was made. Plaintiff contends that the intent was for the plan participant to assign any rights from its insurance coverage provided by its employer to Plaintiff. The mere fact that the plan participant did not name the plan in the assignment does not invalidate it. In <u>T.J. Kennedy, D.C., et al v. Deere & Company</u>, 142 Ill. App. 3d 781, 784 (3rd Dist. 1986), the assignment read as follows: "For value received, I hereby assign to (doctor) the extent of my bill for health care services, any and all claims which I may have (a) for benefits provided under any policy of insurance or other health care plan." The Court did find such assignment to be invalid merely because of its vague terms. <u>Id.</u>

4

Moreover, in <u>Ravenswood Hospital Medical Center v. New Jersey Carpenter's Health Fund</u>, 1991 U.S. Dist. LEXIS 13960, 5-6 (North Dist.; East. Div.1991), the Court found that a party's failure to designate the insurance company to which the assignment of benefits relates raised a question about the validity of the assignment but did not preclude the Plaintiff from proving facts demonstrating its claim for relief.

Plaintiff's assignment is valid because it is the intent of the parties that controls. The intent of the plan participant was to give Plaintiff the right to payment. The plan participant was employed by Suburban Teamsters Local 142. The plan name is Suburban Teamsters of Northern Illinois Welfare Fund. Clearly, there is a link between the two names. Moreover, the law on assignments does not require assignments to be made with any particular language. Therefore, the plan participant could have merely stated that he was assigning all rights from his insurance plans and such assignment would be deemed valid. Plaintiff has the proper standing to sue under ERISA and as such, Defendant's motion should be dismissed.

WHEREFORE, Plaintiff requests that this Honorable Court find the assignment to be valid and deny Defendant's Motion to Dismiss the Complaint.

                                        Respectfully submitted,

                                        s/ STUART P. KRAUSKOPF
                                           Stuart P. Krauskopf

Stuart P. Krauskopf, Esq.
Lindsay M. Malitz, Esq.
Michael A. Schnitzer, Esq.
The Law Offices of Stuart P. Krauskopf
30 North LaSalle Street
Suite 3124
Chicago, Illinois 60602
312-377-9592
Atty. No. 41590

5

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following counsel: la@ulaw.com.

                                                             s/ STUART P. KRAUSKOPF
                                                             Stuart P. Krauskopf

Stuart P. Krauskopf, Esq.
Lindsay M. Malitz, Esq.
Michael A. Schnitzer, Esq.
The Law Offices of Stuart P. Krauskopf
30 North LaSalle Street
Suite 3124
Chicago, Illinois 60602
312-377-9592
Atty. No. 41590

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following counsel: la@ulaw.com.

                                                s/ STUART P. KRAUSKOPF
                                                Stuart P. Krauskopf

Stuart P. Krauskopf, Esq.
Lindsay M. Malitz, Esq.
Michael A. Schnitzer, Esq.
The Law Offices of Stuart P. Krauskopf
30 North LaSalle Street
Suite 3124
Chicago, Illinois 60602
312-377-9592
Atty. No. 41590