UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. HANSEL M. DeBARTOLO | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 7179 |
| | ) | |
| v. | ) | JUDGE ZAGEL |
| | ) | |
| SUBURBAN TEAMSTERS OF NORTHERN | ) | MAGISTRATE JUDGE KEYS |
| ILLINOIS WELFARE FUND, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER OF DEFENDANT SUBURBAN TEAMSTERS OF NORTHERN
ILLINOIS WELFARE FUND TO FIRST AMENDED COMPLAINT**

Defendant SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE FUND

(hereinafter, "Welfare Fund"), by and through its attorneys, Librado Arreola and Barry Collins of

Asher, Gittler, Greenfield & D'Alba, Ltd., answers the First Amended Complaint as follows:

## COUNT I

1.      Plaintiff is a physician licensed to practice in the State of Illinois and maintains a
medical practice at 11 DeBartolo Dr., Sugar Grove, Illinois.

**ANSWER**:
Admit.

2.      Defendant is a self-funded employee benefit plan providing health insurance
coverage to its enrollees and their dependants, including an individual named Jimmy Null
(hereinafter referred to as "Insured").

**ANSWER**:
Defendant admits that it maintains a self-funded employee benefit plan providing health coverage
to its enrollees and their dependents, and that Jimmy Null was a covered participant in the Plan
until September 1999.

3.      That on or about March 7, 1997 through April 21, 1997, the Plaintiff, at the
special instance and request of Insured, provided and delivered to the Insured, professional
medical services for the fair and reasonable value and price of $19,533.00 of which there is a
balance due and owing of $8,503.99.

**ANSWER**:
Defendant admits that Plaintiff provided Jimmy Null with various medical services during the time period of March 7, 1997, through April 21, 1997. Defendant denies the remaining allegations of paragraph 3.

4.      On or about the treatment dates, Insured requested of the Plaintiff that it provide medical services and treatment and to induce Plaintiff to do so, Insured assigned in writing to the Plaintiff all rights and benefits under the aforementioned policy for health insurance benefits. A copy of said assignment is attached as Exhibit A.

**ANSWER**:
Deny.

5.      Defendant acknowledged Insured's assignment of benefits, by forwarding payments to Plaintiff totaling $11,029.11 for some of the medical services furnished by Plaintiff.

**ANSWER**:
Defendant admits that it paid Plaintiff $11,029.01 for services rendered to Jimmy Null. Defendant denies the remaining allegations of paragraph 5.

6.      The Insured and the Plaintiff at all times complied with the terms and conditions of said health insurance policy herein mentioned.

**ANSWER**:
Deny.

7.      Insured's medical condition treated by the Plaintiff was a loss or damage covered by said policy.

**ANSWER**:
Defendant admits that some of the services provided by Plaintiff to Jimmy Null were covered expenses under Defendant's Plan of Benefits. Defendant denies the remaining allegations of paragraph 7 and specifically denies that charges in excess of the maximum usual and customary charge associated with those services are covered expenses under Defendant's Plan.

8.      Plaintiff has exhausted all administrative remedies.

**ANSWER**:
Deny.

9.      That after repeated oral and written demands for the balance of payment of the policy benefits, the Defendant has failed and refused and still fails and refuses to pay said sum or any part thereof to the Plaintiff.

**ANSWER:**
Deny.

      10.    That by denying the policy coverage and policy benefits payable for its insured, Defendant has wrongfully breached said written contract for health insurance.

**ANSWER**:
Deny.

      11.    That suit is now brought pursuant to E.R.I.S.A. 29 U.S.C. Section 1132(a)(1)(B), which provides:

> "A civil action may be brought by a participant or beneficiary to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan..."

**ANSWER**:
Defendant admits that the suit has been brought pursuant to ERISA but denies that ERISA provides a remedy.

      12.    Pursuant to 29 U.S.C. Section 1132(g)(1), Plaintiff may recover reasonable attorneys' fees.

**ANSWER**:
Defendant denies that Plaintiff is entitled to recover any attorneys' fees.

## COUNT II

      13.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through 12, inclusive, as this paragraph 13, and incorporates each by reference here.

**ANSWER**:
Please refer to the Answers pertaining to paragraphs 1 through 12.

      14.    On or about December 29, 2005, Plaintiff requested of Defendant, in writing, to furnish Plaintiff with information regarding the Plan pursuant to 29 U.S.C. Section 1132(c). A copy of said request is attached hereto as Exhibit B.

**ANSWER**:
Deny.

      15.    Defendant failed or refused to respond to the aforesaid request or to furnish any information of the type requested to Plaintiff.

**ANSWER**:
Deny.

16.    Pursuant to 29 U.S.C. Section 1132(c)(1), a plan administrator is subject to fines if the plan administrator violates 29 U.S.C. Section 1024(b)(4), which states:

> The administrator shall, upon request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated.

**ANSWER**:
Defendant denies that Plaintiff is entitled to relief under the cited section of ERISA.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1.    The action for payment of $8,503.99 is time-barred as the claims in question were denied more than 10 years prior to the filing of this lawsuit.

2.    Plaintiff has failed to exhaust his administrative remedies under the Plan.

3.    Jimmy Null's alleged assignment to Plaintiff of his rights and under the Plan is defective and therefore unenforceable.

4.    Plaintiff has been paid what he is usually and customarily due for the services provided.

5.    Plaintiff is barred by estoppel from seeking payment on services rendered over 10 years ago.

6.    Plaintiff is barred by laches from seeking payment on services rendered over 10 years ago.

Respectfully submitted,

Defendant SUBURBAN TEAMSTERS OF
NORTHERN ILLINOIS WELFARE FUND,
/s/ Librado Arreola
Librado Arreola

Librado Arreola (la@ulaw.com) IL ARDC # 6203323
Barry Collins (bgc@ulaw.com)
ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.
200 West Jackson Boulevard, Suite 1900
Chicago, IL 60606
(312) 263-1500 – phone
(312) 263-1520 – facsimile